RICHARD POOLE, Senior Trial Attorney
ANDREA STEWARD, Trial Attorney
H. CLAIRE WHITNEY, Senior Counsel
U. S. Department of Justice,
Environmental Crimes Section, ENRD
PO Box 23985
L'Enfant Plaza Station
Washington, DC 20026-3985
Telephone: (202) 514-0838

PAUL M. WARNER, United States Attorney (#3389)
LESHIA M. LEE-DIXON, Assistant United States Attorney (#5871)
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Fax: (801) 524-6924

FILED
U.S DISTRICT COURT

2006 FEB -8 P 1: 41

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:05-CR-811 DB |
| Plaintiff, | : | |
| v. | : | STATEMENT BY DEFENDANT IN ADVANCE OF GUILTY PLEA |
| MCWANE, INC., | : | |
| Defendant. | : | |

The United States of America, by its counsel, Paul M. Warner, United States Attorney for the District of Utah, Leshia M. Lee-Dixon, Assistant United States Attorney for the District of Utah, Richard Poole, Senior Trial Attorney for the United States Department of

Justice, Environmental Crimes Section, and the Defendant, McWane, Inc. (hereinafter "McWane") by its attorney, Francis M. Wikstrom, hereby notify the Court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, that the following Plea Agreement under Rule 11(c)(1)(C) has been negotiated and entered into:

1. McWane, Inc. a company incorporated in Delaware and headquartered in Birmingham Alabama, with a division named Pacific States Cast Iron Pipe Company, located in Springville, Utah, agrees to plead guilty through an authorized representative to Counts Four and Five of the Indictment.

2. Count Four of the Indictment charges McWane with violating Title 18, United States Code, Section 1001, which carries a maximum fine of $500,000.00, or the alternative fine of the greater of twice the gross gain realized by or gross loss caused by the Defendant. 18 U.S.C. § 3571. Count Five of the Indictment also charges McWane with violating Title 18, United States Code, Section 1001, which carries a maximum fine of $500,000.00, or the alternative fine of greater of twice the gross gain realized by or gross loss caused by the Defendant. 18 U.S.C. § 3571.

3. The United States and McWane agree that the following sentence is an appropriate disposition of this case:

    a. the payment of a criminal fine of three million dollars ($3,000,000.00) by McWane, due 10 days after the date of sentencing.

    b. three years of probation;

  c.  the payment of the special assessment of $400 for each Count, as required by *18 U.S.C. § 3013(a)(2)(B),* for a total of $800, due on the date of sentencing.

4. If the Court accepts this Plea Agreement, McWane knowingly, voluntarily, and expressly waives any right it may have to appeal its conviction and the sentence imposed upon it and the manner in which the sentence is determined on any ground, including, without limitation, to the grounds set forth in Title 18, United States Code, Section 3742. McWane further understands and agrees that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the court's sentencing authority, including, without limitation, (1) Sentencing Guidelines rulings and determinations; (2) the imposition of fines, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

5. If the Court accepts this Plea Agreement, McWane also knowingly, voluntarily, and expressly waives its right to challenge its conviction and sentence and the manner in which the sentence is determined, in any collateral review motion, writ, or other procedure, including, without limitation, a motion brought under Title 28, United States Code, Section 2255.

6. If the Court accepts this Plea Agreement and in consideration of the concessions and/or commitments made by McWane in this Plea Agreement, the United States knowingly, voluntarily and expressly waives any right it may have to appeal the sentence imposed upon McWane and the manner in which the sentence is determined on any ground, including, without limitation, to the grounds set forth in Title 18, United States Code, Section

3

3742(b).  If the Court does not accept the Plea Agreement which has been entered into by the parties pursuant to Rule 11 (c)(1)(C), the United States may appeal the sentence imposed in this case.

7. Conditioned on McWane's compliance with all terms of this Plea Agreement, the United States will move to dismiss Counts One, Two, Three and Six of the Indictment. The United States also agrees that it will not prosecute McWane for any environmental crimes or related Title 18 offenses in the District of Utah currently known to the United States or for any criminal violations related to worker health and safety that were the subject matter of this investigation in the District of Utah currently known to the United States.

8. McWane affirmatively states that it has sufficient assets to pay the fine and special assessment and that McWane has obtained and received the approval of its board of directors to make such payments.

9. Each person who signs this Plea Agreement and Stipulation in a representative capacity warrants that he or she is duly authorized to do so. A duly executed resolution of the Board of Directors of McWane approving this Plea Agreement is attached hereto as Exhibit A.

10. McWane acknowledges that it has been advised and does fully understand the following:

    a. the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. that it has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury

            and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it, and may, as a corporation, have the right not to be compelled to incriminate itself;

    c.    that if it pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

    d.    that if it pleads guilty, the Court may ask its representatives questions about the offense to which it has pleaded, and if they answer these questions under oath, on the record, and in the presence of counsel, their answers may later be used against it or its representatives in a prosecution for perjury or false statement; and,

    e.    that if it pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

11.    McWane understands that this Plea Agreement only applies to federal criminal charges. This Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages of natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

12. McWane agrees that this Plea Agreement and the Stipulation constitute the entire agreement between McWane and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and the Stipulation, were made to induce it to enter into this Plea Agreement and the Stipulation.

13. McWane understands that the sentencing procedures in this case, and the ultimate sentence, will be determined pursuant to the Sentencing Reform Act of 1984, and it has discussed these facts with its attorney. McWane further understands that pursuant to the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), that the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness.

14. McWane understands that if the Court does not accept the Plea Agreement in this case, it may withdraw its plea of guilty. McWane also understands that if the Court accepts the Plea Agreement, it will not be able to withdraw its plea, once entered.

15. McWane states that its representative has read this agreement and has discussed the agreement with its attorneys, and understands it.

16. McWane understands and agrees that if McWane, through its officers, senior managers and/or directors, commits any offense in violation of federal, state, local law or violates any term or condition of this agreement, then the Government is not bound by the provisions in this Plea Agreement and may request that the Court impose on McWane any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order

setting the conditions of probation. No action taken or recommendation made by the Government pursuant to this paragraph will be grounds for McWane to withdraw its plea.

17. This Plea Agreement and the Stipulation may be executed in more than one counterpart, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

18. This Plea Agreement and the Stipulation may not be altered, amended, modified, or otherwise changed except by a writing duly executed by each of the parties.

_____
McWane, Inc.,
Through its representative

_____
FRANCIS M. WIKSTROM, ESQ.

Date: 2-8-06

PAUL M. WARNER
UNITED STATES ATTORNEY
District of Utah

_____
RICHARD POOLE
Senior Trial Attorney
Environmental Crimes Section
United States Department of Justice

Date: 2/8/06

_____ for Andrea Stewart
ANDREA STEWARD
Trial Attorney
Environmental Crimes Section
United States Department of Justice

Date: 2\8\06

7

_____
H. CLAIRE WHITNEY
Senior Counsel
Environmental Crimes Section
United States Department of Justice

Date: 2/8/06

_____
LESHIA M. LEE-DIXON
Assistant United States Attorney

Date: 2/8/06